UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>            Plaintiff,<br><br>   v.<br><br>CHEW LUN BENEVOLENT ASSOCIATION,<br><br>            Defendant. | Case No. 21-cv-04547-SK<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 24, 2022 at 9:30 A.M.  The Court intends to address the questions below at the hearing.  The Court advises the parties that it will not accept written answers to these questions.

The parties shall be prepared to address the following questions at the hearing:

(1) In his motion for default judgment, Plaintiff states that he "lives is [*sic*] in this geographical area on a constant and on-going basis." (Dkt. No. 13-1.)  In his declaration, Plaintiff states that he is "in this area on a regular and ongoing basis . . . ." (Dkt. No. 13-4, ¶ 7.)  Where does Plaintiff live?  To what is he referring in talking about "this geographical area"?  Does Plaintiff live in this "area" or just visit?  If he just visits, how frequently does he visit?

(2) Under the burden-shifting approach adopted by the Ninth Circuit, Plaintiff bears the plaintiff bears the initial burden of plausibly showing that a proposal for removing a barrier is readily achievable. *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020) ("plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the

circumstances"). In his motion, while Plaintiff discusses this legal standard, he does not discuss any of the facts. In fact, Plaintiff does not even state what accommodation he requests, let alone make any showing that the accommodation would not exceed the benefits under the circumstances. What is the accommodation Plaintiff requests? Is it readily achievable?

**IT IS SO ORDERED**.

Dated: January 18, 2022



SALLIE KIM
United States Magistrate Judge